IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT PAPP, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) |
| Plaintiffs, | ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** |
| v. | ) ) Jury Trial Demanded |
| WAWA, INC. | ) ) Civil Action No. ) |
| Defendant. | ) |

## INTRODUCTION

Plaintiff Vincent Papp ("Papp" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Collective and Class Action Complaint (the "Complaint") against Defendant Wawa, Inc. ("Wawa" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et. seq.*, and the New Jersey State Wage and Hour Law, N.J.S.A. §§34:11-56(a), *et seq.* ("NJWHL") for Defendant's failure to pay Plaintiff and other similarly situated individuals overtime compensation for hours they have worked over forty (40) hours in a workweek while training for the General Manager in Training (herein after "GMIT" or "Trainees") position. The following allegations are based on personal knowledge as to Plaintiff's conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of himself and other current and former GMITs and similarly situated current and former employees holding comparable positions, employed by Defendant in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action

Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff also alleges, under the NJWHL and pursuant to Fed. R. Civ. P. 23, on behalf of all GMITs and similarly situated current or former employees holding comparable positions, but different titles, employed by Defendant within the State of New Jersey, that they are entitled to, *inter alia*: (i.) unpaid overtime wages for hours worked above forty (40) hours in a workweek and (ii.) liquidated damages.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. 1367(a) over Plaintiffs' class action claims that arise under the NJWHL because these claims are so related to the FLSA claims over which the Court has original jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Plaintiff resides in this District.

7. Defendant regularly conducts business in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### I. *Plaintiff Vincent Papp*

9. Plaintiff Papp is an individual residing in 2204 Exposition Drive, Williams Town, New Jersey.

10. During all relevant times, Plaintiff was employed by Wawa from approximately March 2015 to January 2016 as a GMIT at the Wawa stores located in Mullica Hill, Millville, Bridgeton, and Throughfare, New Jersey.

11. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). See Exhibit A.

12. As a GMIT, Plaintiff worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal and state laws.

13. Plaintiff and all similarly situated current and former employees of Defendant who were misclassified as exempt during their training to become a General Manager at Wawa stores were regularly scheduled and did work in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal and state laws.

### II. *Defendant*

14. Defendant Wawa, Inc. is a corporation, organized and existing under the laws of the State of New Jersey, with its corporate headquarters at 260 West Baltimore Pike, Media, Pennsylvania 19063.

15. In 2015, Wawa was ranked 34th on the Forbes Magazine list of largest private companies.

16. Wawa does business under the name "Wawa" and operates over 720 retail locations in New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida and has sales for the fiscal year ending 2015 of over 8.9 billion. (https://www.forbes.com/companies/wawa/)

17. At all times relevant, Wawa has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times relevant, Wawa has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times relevant, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because each Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Defendant has a gross volume of sales made or business done of not less than $500,000.00.

20. At all times relevant herein, Plaintiff and all similarly situated Trainees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21. During the relevant liability periods, Defendant were and/or continue to be joint employers of the Plaintiff and similarly situated Trainees.

22. During the relevant liability periods, upon information and belief, Defendant has shared human resources for stores responsible for developing and distributing training programs, administering compensation programs, writing job descriptions, determining exempt and non-exempt classifications, and maintaining personnel record keeping and information for Defendant's stores companywide.

23. During the relevant liability periods, Defendant has used a centralized payroll department and system to issue pay and maintain payroll records for the Plaintiff and other Trainees.

24. During the relevant liability periods, Defendant has had joint control, directly or indirectly, over Plaintiff and other similarly situated Trainees' pay, job duties, hours worked, records of hours worked, and exempt classifications.

25. Defendant is a covered employer within the meaning of the FLSA and, during the FLSA Liability Period, Defendant employed Plaintiff Papp and other similarly situated Trainees.

26. Defendant is a covered employer within the meaning of the NJWHL and, during the NJ Liability Period, Defendant employed Plaintiff Papp and other similarly situated Trainees.

**FACTUAL ALLEGATIONS**

27. Plaintiff Papp was hired by Defendant as a trainee for the General Manager position in or around March 2015 through December 2015.

28. As a prerequisite to becoming a General Manager, Plaintiff was required to work as a GMIT at the Wawa locations in Mullica Hill, Millville, Bridgeton, and Thorofare, New Jersey.

29. During Plaintiff's training, Papp primarily performed work that would typically be expected of hourly employees, including re-stocking the store, running the deli counter, cleaning the coffee area and making coffee, ringing registers, and flowing goods to the sales floor.

30. After Papp completed his training, Papp was placed at the Hammonton store location in Hammonton, New Jersey.

5

31. Plaintiff was employed by Wawa as a GMIT at the store location in Hill, Millville, Bridgeton, and Thorofare, New Jersey. from approximately March 2015 through December 2015.

32. At all times during Plaintiff's training and employment, he was paid by Wawa.

33. As a GMIT, Plaintiff was required to work a minimum of ten (10) hours a day, five (5) days per week.

34. Plaintiff worked approximately fifty (50) to sixty (60) hours per week during each week, and was not paid for the hours he worked in excess of forty (40) hours per workweek. For example, during the week of August 23, 2015 through August 29, 2015, Plaintiff worked approximately fifty-five (55) hours.

35. The number of shifts Plaintiff worked per week can be ascertained from Defendant's records.

36. Plaintiff never received overtime wages for working in excess of forty (40) hours per week.

37. Wawa assigned all of the work performed by Plaintiff and the other similarly situated current and former Trainees, and is aware of all the work that they have performed.

38. The work required of the Plaintiff and the GMITs did not include managerial responsibilities.

39. Plaintiff's primary duties as a GMIT were unrelated to the management of the store. On a daily basis, Papp's primary tasks included working the cash registers, making deli sandwiches, stocking shelves, cleaning the store, assisting customers, unpacking merchandise, and other manual tasks.

40. To train employees to become General Managers at the Defendant's stores, Defendant used standardized Management Training programs.

41. Plaintiff and collective and class members were required to train for the General Manager position and participate in Defendant's Management Training programs.

42. During training for their General Manager positions, Plaintiff and other similarly situated Trainees' primary duties have not been management. Plaintiff was for all intensive purposes, doing the duties of an hourly associate, which included ringing on the register, manning the deli, making hoagie sandwiches, filling up the cooler and doing other manual tasks that were usually performed by an associate.

43. Plaintiff and other similarly situated Trainees have not performed the duties of an exempt management employee. For example, while training for General Manager positions, Plaintiff and other Trainees have not interviewed potential employees, selected or trained employees; have not set or adjusted employees' rates of pay or hours of work; have not recommended employees for promotion or demotion; have not handled employee complaints or grievances; have not determined techniques to be used in the stores; have not controlled the flow or distribution of materials or merchandise; have not maintained production or sales records; have not planned or controlled the budget; and have not monitored or implemented legal compliance measures.

44. While training for the General Manager position, Plaintiff and other Trainees have not customarily and regularly exercised discretionary powers.

45. While training for the General Manager position, Plaintiff and other Trainees have not customarily and regularly exercised discretion and independent judgment.

46. Upon information and belief, during the relevant liability periods, all Trainees for Defendant at their store locations in the States of New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida have performed similar training duties as set forth herein.

47. Upon information and belief, during the relevant liability periods, all Trainees for Defendant at its store locations in the States of New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida have used standardized training materials issued by Defendant.

48. Upon information and belief, during the relevant liability periods, all Trainees for Defendant at their store locations in the States of New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida have been subject to Defendant's Management Training Program.

49. During the relevant liability periods in which Plaintiff and other similarly situated Trainees have trained for the General Manager position, Defendant has misclassified them as exempt and have not paid them overtime compensation for hours worked over forty (40) hours in a workweek.

50. As Trainees, Plaintiff was scheduled to work fifty (50) to sixty (60) hours a week. Upon information and belief, during the relevant liability periods, Trainees companywide have been consistently and uniformly worked in excess of fifty (50) hours per week during training.

51. As Trainees, Plaintiff was not paid overtime compensation for the hours worked over forty (40) hours in a workweek. Upon information and belief, during the relevant liability periods, all Trainees have been denied overtime compensation for hours worked over forty (40) hours in a workweek.

52. All work performed by the Plaintiff and other Trainees has been for the benefit of and accepted by Defendant.

53. The primary duties of the Plaintiff and the Class Members did not include the exercise of meaningful independent judgement and discretion concerning matters of significance.

54. Defendant was aware that the primary duties of Plaintiff and the other GMITs were non-managerial.

55. These assignments were given to Trainees mainly due to the pressure that the General Managers received from the District Managers to complete such tasks.

56. At all times relevant, Plaintiff and all other similarly situated Trainees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

57. Wawa employed Plaintiff and other similarly situated current and former Trainees at their store locations in the States of New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida.

58. Wawa issued paychecks to the Plaintiff and the other Trainees during their employment.

59. The Plaintiff was paid on a salary basis, and classified as exempt from overtime compensation by Wawa.

60. Plaintiff and the other Trainees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

61. Plaintiff and the other Trainees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the NJWHL.

62. Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiff and the other Trainees overtime wages for hours they worked for their benefit in excess of forty (40) hours in a workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

63. Plaintiff re-alleges and incorporates all of the preceding paragraphs.

64. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a Collective Action on behalf of all similarly situated persons, currently or formerly employed by Wawa as Trainees at their store locations in the States of New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida (the "Collective Action Members") at any time three (3) years prior to the date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

65. During the FLSA Liability Period, Defendant employed numerous Trainees who are similarly situated to Plaintiff Papp in that they have performed the same duties as Trainees, and have been subjected to the same illegal pay practices as Plaintiff Papp.

66. During the FLSA Liability Period, Trainees, like Plaintiff Papp, have been victims of a common policy, plan, or scheme by Defendant to misclassify Trainees as exempt and to deny them overtime compensation required by the FLSA.

67. During the FLSA Liability Period, Trainees, like Plaintiff Papp, have been uniformly affected by Defendant's centralized, companywide policy and/or practice to classify Trainees as exempt and to deny them overtime compensation required by the FLSA, which applies at all of the Defendant's locations in the States of New Jersey, Pennsylvania, Maryland, Delaware, Virginia and Florida.

68. Defendant's misclassification of Plaintiff Papp and other similarly situated Trainees, and Defendant's unlawful compensation policies and/or practices, have been in willful disregard of the rights of Plaintiff Papp, and other similarly situated Trainees under the FLSA.

69. Defendant is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiff and other similarly situated employees.

70. There are many Collective Action Members who have not been paid overtime wages in violation of the FLSA, who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

71. The Collective Action Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## RULE 23 CLASS ALLEGATIONS

72. Plaintiff re-alleges and incorporates all of the preceding paragraphs.

73. Pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues individually and on behalf of all other similarly situated persons, currently or formerly employed by Wawa as Trainees within the State of New Jersey.

74. Under Fed. R. Civ. P. 23(b)(3), a Plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;
    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
    c. Claims or defenses of the representative are typical of the class;
    d. The representative will fairly and adequately protect the class; and,
    e. A class action is superior to other methods of adjudication.

75. The Rule 23 Class that Plaintiff Papp seeks to identify includes:

> Current and former employees of Defendant who, at any time within the two (2) years prior to the filing of the Complaint through the date of final disposition of this matter (the "New Jersey Class Action Period"), are or have been employed by Defendant in the position of GMIT and/or employees holding comparable positions but different titles in Wawa stores located in the State of New Jersey, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages (the "Class Members").

## Numerosity

76.     The persons identified as the Class Members above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number can be made are presently within the sole control of Defendant, upon information and belief, there are at least 100 Class Members during the Class Periods.

## Common Questions of Law and/or Fact

77.     There are common questions of law and fact that govern the claims that are available to each Class Member, including, but not limited to the following:

   a. whether Defendant have a policy of misclassifying GMITs as "exempt" employees and denied them overtime compensation;

   b. whether Defendant have failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

   c. what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

   d. whether Defendant have failed and/or refused to pay Plaintiff and the Class Members overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning the NJSWL and all supporting regulations;

   e. the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

   f. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive, treble and statutory damages, interest, attorneys' fees, costs and disbursements; and

   g. whether Defendant has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all the Class Members.

78. Defendant has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members as a whole.

79. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

80. Plaintiff has the same interests in this matter as all other Class Members, and Plaintiff's claims are typical of the Class Members.

## Typicality of Claims and/or Defenses

81. The claims of Plaintiff are typical of the claims of the Class Members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the Defendant.

## Adequacy

82. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

83. Plaintiff has the same interests in this matter as all other Class Members, and Plaintiff's claims are typical of the Class and thus would properly and adequately represent the current and former employees whom the Defendant have subjected to the treatment alleged herein.

<u>Superiority</u>

84. Plaintiff's claims are typical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially-similarly, to the Class Members.

85. Any lawsuit brought by a salaried GMIT of Defendants would be identical to a suit brought by any salaried GMIT for the same violations. Thus, separate litigation would risk inconsistent results.

86. Accordingly, this means of protecting the Class Members' rights is superior to any other method, and this action is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

87. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES**
**(Brought on Behalf of Plaintiff and All Collective Action Members)**

88. Plaintiff, individually and on behalf the Collective Action Members, re-alleges and incorporates by reference paragraphs 1 through 71 as if set forth again herein.

89. At all relevant times, Defendant employed Plaintiff, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

90. Wawa has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

91. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

92. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to Wawa.

93.     During the FLSA Liability Period, Defendant failed to compensate Plaintiff Papp and all other similarly situated Trainees for all their hours worked for Defendant in excess of forty (40) hours per week as required by Section 207 of the FLSA.

94.     Plaintiff Papp and all other Trainees similarly-situated to them, have been victims of a policy and plan by Defendant to misclassify them as exempt employees for their work as Trainees and to deny them overtime compensation required by the FLSA.

95.     Defendant's misclassification of Plaintiff Papp and all other Trainees similarly-situated to them as exempt employees, and Defendant's failure to pay them in accordance with the requirements of Section 207 of the FLSA, has been in willful disregard of the overtime wage compensation requirements of the FLSA.

96.     Defendant have not made, kept, or preserved records of the hours worked by Manager Trainees as required for non-exempt employees pursuant to Section 211(c) of the FLSA.

97.     Plaintiff Papp requests relief on behalf of himself and the FLSA Collective as set forth below in the Prayer for Relief.  As a result of Defendant's FLSA violations, Plaintiff, individually on behalf of the Collective Action Members, is entitled to recover from Defendant (i.) unpaid wages for all hours worked in excess of forty (40) hours in a workweek, as overtime compensation; (ii.) an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (iii.) an unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW JERSEY STATE WAGE AND HOUR LAW: UNPAID OVERTIME WAGES
### (Brought on Behalf of Plaintiff and all the Class Members)
### Class Action Members)

98. Plaintiff Papp, individually and on behalf of all Class Members, re-alleges and incorporates by reference paragraphs 1 through 87 as if set forth again herein.

99. Wawa's violations of the NJWHL have been willful.

100. At all relevant times, Plaintiff and the Class Members were employed by Defendant within the meaning of the NJWHL.

101. Defendant willfully violated Plaintiff's rights as well as the rights of the Class Members, by failing to pay them for all hours worked and overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek in violation of the NJWHL.

102. Defendant's NJWHL violations have caused Plaintiff and the Class Members irreparable harm for which there is no adequate remedy at law.

103. Due to Defendant's NJWHL violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages for all hours worked, overtime compensation, damages and/or interest for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to the NJWHL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Collective Action Members, and Class Members are entitled to and pray for the following relief:

    a.    Designation of this action as an FLSA collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of are unlawful under the FLSA;

c. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members, appointing Plaintiff as class representative.

d. A declaratory judgment that the practices complained of herein are unlawful under the NJWHL;

e. An award of unpaid wages for all hours worked in excess of forty (40) hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA and the NJWHL using the following common methodology for calculating damages: ((Annual Salary $\div$ 52) $\div$ 40) x Total Number of Overtime Hours Worked x 1.5;

f. An award of liquidated, and punitive damages as a result of Wawa's willful failure to pay for all hours worked in excess of forty (40) hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216 and the NJWHL;

g. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

i. An award of prejudgment and post-judgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys', expert fees and an award of a service payment to the Plaintiff; and

k.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff, the Collective Action Members and the Class Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: July 21, 2017           By:     _____s/_____
                                       Joseph D. Monaco, III
                                       The Law Offices of Joseph Monaco, P.C.
                                       Seven Penn Plaza - Suite 1606,
                                       New York, New York 10001
                                       Seven Penn Plaza - Suite 1606,
                                       New York, New York 10001
                                       Phone: 212-486-4244
                                       Fax: 646-807-4749


                                       Marc S. Hepworth, Esq.
                                       Charles Gershbaum, Esq.*
                                       David A. Roth, Esq.*
                                       Rebecca S. Predovan, Esq.*
                                       **HEPWORTH, GERSHBAUM & ROTH, PLLC**
                                       192 Lexington Avenue, Suite 802
                                       New York, New York 10016
                                       Tel: (212) 545-1199
                                       Fax: (212) 532-3801
                                       mhepworth@hgrlawyers.com
                                       cgershbaum@hgrlawyers.com
                                       droth@hgrlawyers.com

                                       *Attorneys for Plaintiffs*

*To be admitted Pro Hac Vice